441 So.2d 739 (1983)
STATE of Louisiana
v.
Robert J. SMITH.
No. 82-KA-2018.
Supreme Court of Louisiana.
November 28, 1983.
*740 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Michael M. Simpson, Beryl McSmith, Asst. Dist. Attys., for plaintiff-appellee.
Dennis Jude Dannel, New Orleans, for defendant-appellant.
LEMMON, Justice.
The principal issue in this appeal is whether the evidence was sufficient to sustain defendant's conviction of possession of pentazocine.[1] Defendant was sentenced to five years imprisonment at hard labor on the basis of his three prior felony convictions, although he was not charged as a multiple offender.
The evidence consisted of the testimony of Officer Eddie Selby, who observed the incident and made the arrest, and of a chemist, who analyzed the pills seized by the police and determined the pills contained pentazocine, a controlled dangerous substance.[2]
Officer Selby testified that he was patrolling on Orleans Avenue in New Orleans in a police unit with another officer in mid-afternoon, when he noticed two Negro males standing on North Roman Street near the corner. He saw them exchange money and another object, but he could "not [be] sure exactly what it was". The officers then circled the block and approached North Roman Street through a driveway between two buildings. When the police car came *741 into view, one of the two men discarded a small tinfoil package onto the street, and they walked off in opposite directions.
Selby stopped the two men and detained them, while his associate retrieved the tinfoil package. The officers opened the package and found several small pink and blue pills which they recognized as "T's and Blues".
The officers then arrested and searched the two men. Defendant had a ten dollar bill and several five dollar bills in his possession. The other man had several empty tinfoil containers. Selby testified without objection that such containers were commonly used as storage units for narcotics.
On cross-examination, Selby admitted that he did not actually see any tinfoil packages exchanged between the two men on his initial observation and could not discern which of the two men discarded the tinfoil package when the police unit suddenly came upon them. However, he stated that he saw a hand from one of the two men discard the package into the immediate area where the two men were standing. In answer to an inquiry about their purpose in going around the block, Selby stated that the exchange of money and another object in an area of high drug traffic had aroused their suspicion.
In order to satisfy due process standards, the record evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational juror to conclude that the essential elements of the crime were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). La.C. Cr.P. Art. 821, added by Act No. 144 of 1982, tracks the Jackson language in setting up a Louisiana standard pertaining to postverdict motions for acquittal based upon insufficiency of the evidence.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983). Moreover, this court recently noted that "[a]lthough the circumstantial evidence rule [La.R.S. 15:438] may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, it emphasizes the need for careful observation of the usual standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence". State v. Chism, 436 So.2d 464, 470 (La.1983).
In the present case, the critical inquiry is whether the evidence established that defendant exercised actual or constructive possession of the drugs by having them under his control or dominion. The police officer witnessed an exchange of money and an unknown object between the defendant and another man in an area known for drug transactions. A short while later, the officer observed a tinfoil package dropped from the hand of one of the two men as soon as the police car came into sight, whereupon the men hastily departed from the scene. A prompt search revealed that one of the men had empty packages, similar to the discarded package of drugs, and that the other man had cash on his person. Thus, there was direct evidence (1) of an exchange which appeared to be a drug sale, (2) of a search (after a brief period during which the two participants were not observed) which yielded money possessed by one participant in the exchange and empty drug containers by the other; and (3) of a discarding of a package of drugs by one of the two participants.
We conclude that the overall evidence, direct and circumstantial, was sufficient for a rational juror to conclude beyond a reasonable doubt that defendant had knowledge of and dominion and control over the *742 package of drugs at the time the package was discarded or shortly prior thereto. No hypothesis of innocence which is sufficiently reasonable or sufficiently strong to raise a reasonable doubt in the mind of a rational juror may be inferred from the record facts, and defendant offered no evidence or argument affirmatively suggesting a theory of innocence.
Accordingly, the conviction and sentence are affirmed.
NOTES
[1] Defendant's other assignment of error involves settled principles of law and is treated in an unpublished appendix, which is attached to this opinion and is a part of the official record.
[2] The other arresting officer did not testify. The state obtained an instanter subpoena on the day of trial, but the return indicated that the officer was on furlough. Defense counsel, who also wanted to question the officer, had not subpoenaed him.