441 So.2d 832 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Dobie Gillis WILLIAMS, Defendant-Appellant.
No. CR83-536.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*833 William D. Dyess, Many, for defendant-appellant.
James L. Davis, Dist. Atty., Many, Abbott Reeves, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
A jury convicted Dobie Williams of attempted simple burglary of an inhabited dwelling (LSA-R.S. 14:62.2 and 14:27). The trial court sentenced him to four years in the custody of the Louisiana Department of Corrections. He appeals both the conviction and the sentence.
The assignment of error relating to the conviction involves a response by a prospective juror on voir dire. After answering some general questions by the District Attorney regarding the responsibilities of jury duty, the prospective juror, John Godfrey, made the following gratuitous observation:
"A Yes, sir. I have one thing to say though, a member of my familyI also know Dobie Williamsa member of my family filed some charges"
The District Attorney at this point interrupted and the following exchange completes the prospective juror's allegedly prejudicial remarks:
"Q Wait, waitoh, a member of your family was a victim of a crime once?
A Yes, sir."
Defendant moved for a mistrial which was denied. Defendant contends that a mistrial was mandated. He argues that the comment conveyed to the jurors already sworn the impression that a member of Godfrey's family had filed a criminal charge against the defendant and that the remark amounted to a reference to other crimes.
We disagree. Although a remark or comment by a prospective juror as to other crimes committed by a defendant on trial may be a ground for a mistrial under LSA-C.Cr.P. arts. 770 and 771(2), we find that the statement made by this prospective juror was not such a remark or comment. The comment was unclear and inconclusive. It is by no means clear that it was meant as a reference to another crime. If it was so intended, the reference was so obscure as to be virtually meaningless. Reading it in the record, it appears more likely to have been two disjointed thoughts expressed in the same breath. The trial judge evidently did not construe the remark as a reference to criminal activity by the defendant. In ruling on the motion for a mistrial out of the presence of the jury, the trial court stated that he had observed the prospective juror *834 as he listened to his response and did not regard the remark as prejudicial.
This assignment has no merit.
Defendant's assignments of error with regard to the sentence raise two general contentions: (1) the trial judge did not comply with LSA-C.Cr.P. art. 894.1, and (2) the sentence was excessive.
As to the art. 894.1 assignment, defendant complains that the sentencing judge did not consider his youth, the absence of prior felony offenses on his record, and the fact that he was employed at the time of the offense. We find no merit in this assignment of error. The trial judge relied on a presentence investigation report and his personal knowledge of defendant's background. The reasons for judgment began with a notation that defendant was 22 years old. The court then carefully explained the considerations taken into account and the factual basis therefor in imposing sentence. The defendant was caught trying to break into a home occupied by a young mother and her three small children. The court took into account the defendant's social and criminal history which, in addition to pending charges for armed robbery and aggravated battery committed as an adult, included juvenile offenses resulting in two separate commitments to the custody of the Louisiana Department of Corrections. There was no error in the consideration by the judge of the prior adult arrests for armed robbery and aggravated battery. State v. Washington, 414 So.2d 313 (La.1982). Nor was there error in his consideration of the juvenile delinquency history. State v. Guajardo, 428 So.2d 468 (La.1983). The defendant presented no mitigating facts and none were apparent from the circumstances of the case.
Finally, defendant complains that the sentence was excessive because he received a sentence of four years out of a possible six years. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982). Under the circumstances of this case the trial judge did not abuse the wide discretion accorded him in sentencing. The trial judge stated that considering defendant's past conduct, and the seriousness of the offense for which he was convicted, it determined a prison sentence was virtually mandated both for treatment of the defendant and for the protection of society. In our opinion, considering that defendant as a juvenile was twice committed to the Department of Corrections and as an adult has been charged twice for serious offenses and convicted once (although the conviction was reversed on account of a procedural error), the sentence imposed is neither disproportionate to the crime committed nor shocking to our sense of justice.
This assignment likewise has no merit.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns brief reasons.
DOMENGEAUX, Judge, concurring.
I concur in this opinion merely to repeat that appellate courts should not review sentences for excessiveness. See my concurring opinions in State v. Goodman, 427 So.2d 529, 533, (La.App. 3rd Cir.1983); State v. Vallare, 430 So.2d 1336, 1339 (La. App. 3rd Cir.1983), writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983).