GARRISON, Judge.
The defendants, Patrick Malonson and Charles Brickley, were charged by bill of information with possession of pentazocine in violation of La.R.S. 40:967(C)(1). On July 6, 1983, a six member jury found the defendants guilty as charged. They were both sentenced to serve five years at hard labor. Defendants appeal these convictions and sentences.
The facts of this case are as follows: On March 8, 1983 at approximately 12:30 a.m., Officer Michael Bossetta and Sergeant Patrick Frickey of the New Orleans Police Department were traveling in an unmarked police ear near the intersection of Orleans Avenue and Claiborne Avenue when they spotted the defendants engaged in what appeared to be a narcotics transaction. This area was known by the officers to be highly active in narcotics traffic. They first observed Malonson handing what appeared to be money to Brickley. Brickley then handed something to Malonson in a cupped hand. Neither policeman could see what Brickley handed to Malonson. As the officers stepped out of their car, Malonson began to walk away from them and dropped several foil packets on the ground. After apprehending both defendants and placing them against the police car, Ser *373 geant Frickey retrieved six packets containing talwin (pentazocine) and pyribenza-mine[1], commonly known as “T’s and Blues”. A search of the men disclosed that Brickley had $109.00 in his possession. Both men were then arrested and charged with possession of pentazocine.
At trial, defendant Malonson claimed that he was walking home on March 8, 1983 when he saw Charles Brickley with whom he was well acquainted. According to Malonson, the two men exchanged greetings and shook hands. Malonson testified that he and Brickley were then arrested for drug possession. Both men deny that any drug transaction took place on the night in question.
A review of the record reveals that there are no errors patent.
Counsel for defendant Brickley alleges as an assignment of error that insufficient evidence exists to support Brickley’s conviction for possession of Talwin.[2] According to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a conviction must be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find that the essential elements of the crime charged have been proven beyond a reasonable doubt. When a case involves circumstantial evidence, La. R.S. 15:438 also requires:
“Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
The case of State v. Wright, 445 So.2d 1198 (La.1984), states that R.S. 15:438 is not a completely separate test from Jackson; rather, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. The test enunciated in La.R.S. 15:438 is merely a component of the more comprehensive reasonable doubt standard. State v. Wright, supra.
Sergeant Frickey testified that he saw the defendant Malonson discarding something and that an immediate search of the area revealed six sets of “T’s and Blues”. Viewing the direct evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant Malonson guilty of possession of pentazocine. The crucial inquiry in this case is whether the evidence, both direct and circumstantial, establishes that the defendant Brickley exercised actual or constructive possession of the drugs by having them under his dominion or control. The recent case of State v. Smith, 441 So.2d 739 (La.1983) involved an almost identical factual situation as the instant case. In the Smith case, as in the instant case, the policemen witnessed an exchange of money and an unknown object between two men in an area known for drug transactions. One of the men then dropped a tin foil package when he noticed the nearby policemen. In the Smith case and in the present case, there was direct evidence (1) of an exchange which appeared to be a drug sale, (2) of a search which yielded money ($109.00) possessed by one participant in the exchange (Brickley); and (3) of a discarding of a package of drugs by one of the two participants (Malonson). Therefore, the overall evidence in this case was sufficient for a rational juror to conclude beyond a reasonable doubt that Brickley had knowledge of and dominion and control over the package of drugs shortly before they were discarded by Malonson. State v. Smith, supra. This assignment of error is without merit.
In his pro se brief, defendant Malon-son argues that the trial court erred in denying his motion to quash the testimony of Officer Bossetta. He contends that Officer Bossetta testified at the Motion to Suppress hearing that he only assumed that he had seen a drug transaction, where *374 as, at trial, he testified that he had definitely observed a drug transaction. The transcript of the Motion to Suppress hearing is not included in the record. However, even if this slight discrepancy in testimony occurred, this could not have influenced the verdict so as to constitute reversible error. This assignment of error is without merit.
Defendant Malonson also contends that possession of Talwin is not prohibited under the Louisiana Controlled Dangerous Substances Statute. Talwin is the trademark name for pentazocine which is a Schedule II drug listed in La.R.S. 40:964 and its unauthorized possession is proscribed by La.R.S. 40:967(C)(1). This assignment of error is also without merit.
For the reasons discussed above, we affirm the convictions and sentences of the defendants.
AFFIRMED.

. Pyribenzamine is not a controlled substance and its possession is not proscribed by the Louisiana Criminal Statutes.

. Talwin is the trademark name for pentazo-cine,