STOKER, Judge.
Defendant, Harold Ray Wisdom, was charged with three counts of simple burglary. He entered a plea of guilty to one count of simple burglary and was sentenced to a term of six years in the custody of the Department of Corrections, said sentence to run consecutively to any existing sentence. He appeals, arguing that the trial court did not comply with the requirements of LSA-C.Cr.P. art. 894.1, and that the sentence imposed is excessive. We affirm.
The reasons for sentence given by the trial judge are as follows:
“This 27 year old Defendant has a criminal record, as an adult, extending back to 1970. Prior to that he had a juvenile record.
“His adult record includes four prior felony offenses, so the Defendant is not eligible for a suspended, or probated sentence, and the Court will not review the provisions of Art. 894.1 of the Louisiana Code of Criminal Procedure as it would be pointless.”
These brief remarks do not comply with the requirement of Article 894.1 that the considerations taken into account in sentencing and the factual basis for the sentence be stated for the record. We also note that the trial judge’s comment that the defendant's adult record extends back to 1970 is incorrect. The defendant’s juvenile record was established in 1970. His adult criminal record extends back to 1975. Even though the trial judge did not comply with Article 894.1, such noncompliance does not necessarily result in reversal of the sentence. As the court held in State v. Jones, 381 So.2d 416 (La.1980):
“... A sentence may be vacated and a case remanded for re-sentencing, how *1003 ever, when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record.”
After reviewing the record and the pre-sentence investigation report submitted for an in camera review by this court, we find that the sentence imposed on this defendant is not apparently severe. The one count of simple burglary to which the defendant pleaded guilty was reduced by agreement from three counts of simple burglary. The trial court was correct in noting that defendant’s prior criminal record makes him ineligible for probation or a suspended sentence. The presentence investigation also indicates the defendant has had an unstable homelife and has no dependents. The presentence investigation further indicates the defendant was gainfully employed at the time of these offenses, and thus had no financial need justifying the burglaries. None of these factors which could possibly have mitigated against the sentence were presented to the trial court by defendant at the sentencing hearing.
Defendant also asserts that the sentence was improperly ordered to be served consecutively to another six-year sentence received by him in Vernon Parish on a charge of simple burglary. Defendant argues that the burglary charges in Vernon and Sabine Parishes were part of the same course of conduct, and the sentence for these offenses should be served concurrently. Although it appears that the offenses in the two parishes were committed within a short period of time, there is no evidence that they were part of a common scheme. In view of the charges against the defendant which were dismissed as a result of the plea agreement, the sentence imposed in this case which was ordered to be served consecutively to any other sentences is not apparently severe nor excessive.
For the above reasons, the sentence of the defendant is affirmed.
AFFIRMED.