467 So.2d 1191 (1985)
STATE of Louisiana, Appellee,
v.
Lawrence Costello WADE, Appellant.
No. 16816-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
*1192 Indigent Defender Office by John L. Sheehan, Ruston, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, T.J. Adkins, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., Ruston, for appellee.
Before HALL, SEXTON and NORRIS, JJ.
SEXTON, Judge.
In a bench trial before the Third Judicial District Court in Lincoln Parish, the defendant was found guilty on October 14, 1983 of the offense of simple burglary. He was sentenced to six years at hard labor for that offense on October 28, 1983. He now perfects this appeal maintaining two assignments of error, to-wit: (1) that the evidence presented by the state was insufficient to prove his guilt of the offense beyond a reasonable doubt, and (2) that the sentence imposed is constitutionally excessive. We affirm.

Context Facts
On January 27, 1981, Wayne Dring parked his pickup truck in the parking lot of the Lincoln General Hospital in Ruston, Louisiana. Mr. Dring testified that the truck was locked and that inside the truck were two rifles on a rifle rack on the back window of the pickup truck. When Mr. Dring exited the hospital, approximately twenty minutes later, he walked to his pickup and noticed that the window on the driver's side had been rolled down and the two rifles were missing. In response to Mr. Dring's call to the Ruston Police Department, Officer Jay Kavanaugh dusted the window for fingerprints and obtained latent fingerprints from the vent window on the driver's side and the main window on the driver's side. These fingerprints were found to be those of the defendant and this fact was testified to at trial by Officer Jay Kavanaugh and Officer Roland Kay. It was determined by Officer Kavanaugh that the vent window was the initial point of entry because it appeared that a sharp object had been inserted into the weatherstripping around the vent window and the vent had been pried open. The burglar then apparently reached into the truck, rolled the window down, unlocked the door and took the rifles. The two rifles were never recovered.
Officer Kavanaugh stated that fingerprints were found on the inside of the window at the top portion of that window "as if someone had reached in and either pulled the door open after unlocking it that way or had just followed the glass down with his hand." Officer Kavanaugh also testified that the latent fingerprints found on the vent window were on the outside "as if you would have to press on the vent window to make it open." Both Officers Kavanaugh and Kay were accepted as expert witnesses in the field of fingerprint identification. The fingerprints were matched to the defendant's left middle and left ring fingers.

Assignment of Error No. 1 Insufficient Evidence to Convict
In that the defendant was charged with a violation of LSA-R.S. 14:62, simple burglary, the state must prove that the defendant made an unauthorized entry of the vehicle with the intent to commit a felony or theft therein. The uncontradicted testimony of Wayne Dring, the owner of the pickup truck, proves that his vehicle was entered without his authority by someone who then committed a theft of Mr. Dring's guns from within. Thus, the only question that must be determined by the trial judge was whether or not the state proved the defendant to be the perpetrator of the burglary beyond a reasonable doubt. The only evidence presented by the state that the defendant was the burglar were the latent fingerprints found on the outside of the vent window and the inside of the main window on the driver's side of the vehicle.
*1193 In brief, defense counsel maintains that this evidence was insufficient to discharge the state's burden of proof in light of LSA-R.S. 15:438, which states: "The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
Examining the level of proof in a circumstantial evidence case, in the light of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), does not require a stricter standard of review. State v. Chism, 436 So.2d 464 (La.1983). As Chism points out, and as the Supreme Court reiterated in State v. Smith, 441 So.2d 739 (La.1983), the circumstantial evidence rule simply emphasizes the need for more careful observation and provides a helpful methodology for its implementation in cases which hinge on an evaluation of circumstantial evidence. Stated somewhat differently, LSA-R.S. 15:438 provides an evidentiary guideline for the finder of fact when circumstantial evidence is involved and facilitates appellate review of whether the fact finder could have found the defendant guilty beyond a reasonable doubt. Thus, where circumstantial evidence is used to convict, exclusion of every reasonable hypothesis of innocence becomes a component of a more comprehensive reasonable doubt standard. State v. Wright, 445 So.2d 1198 (La.1984). It is important to note that not every hypothesis of innocence must be excluded but only those which are reasonable. State v. Bindom, 410 So.2d 749 (La.1982), State v. Austin, 399 So.2d 158 (La.1981).
In evaluating this case we will assume arguendo that fingerprint evidence is circumstantial evidence. A fingerprint is direct evidence that the defendant was present at the place the print was obtained. However, in the context of this case, it is circumstantial evidence that the defendant removed the guns. We will therefore review the evidence in the light of Jackson v. Virginia, supra from a circumstantial evidence standpoint.
The fingerprints were found both on the exterior and interior of the truck. Defense counsel apparently asserts in brief that the evidence offered by the state does not exclude the hypothesis that someone else committed the offense. Thus, the dispositive question is whether a rational finder of factupon considering the fingerprints and their location in the light most favorable to the prosecutioncould have found that the reasonable probability was excluded that someone other than the defendant committed the offense.
Our review of the evidence convinces us that the defendant's contention that the evidence does not preclude the possibility that someone else committed the offense is not reasonable. The prints were found on the inside of the window and the victim, Mr. Dring, testified that he specifically remembered locking the vehicle and that the windows were rolled up. Also, there was no evidence to indicate that the defendant placed his hand on the window at a time other than while he was burglarizing the vehicle. Further, Mr. Dring testified that he had the only set of keys, that he did not know the defendant, and that the defendant was not authorized to be in the vehicle.
The defendant's hypothesis is further contradicted by the expert testimony of Officer Kavanaugh that the prints on the vent window were near the point of entry in a position as if one were pressing on the vent to open it from the outside, and his further testimony that the prints on the main window were on the top as if someone had reached in and was pulling the door open after unlocking it or had just followed the glass down with his hand.
In evaluating the state's evidence, the recent case of State v. Davenport, 445 So.2d 1190 (La.1984), is particularly instructive. There the Supreme Court sustained a conviction of attempted simple burglary of an inhabited dwelling based solely on the presence of a partial palm print identified as belonging to the defendant, which was found on the screen removed from the window in which the burglar gained access at the rear of the premises. In Davenport, *1194 the Court concluded that under the circumstances of the case, the palm print constituted evidence from which a jury might draw a reasonable inference that the defendant had beyond a reasonable doubt committed an unauthorized entry at the time of the burglary. There was no evidence or indication in the record that the defendant was ever on the premises involved and the chances were remote that the defendant had at some other time innocently handled the rear window screen which the burglar removed to gain entry.
Concededly, there was some other evidence to implicate the defendant in Davenport, to-wit: his concealment in an effort to avoid arrest, and his having been seen in the vicinity of the premises. But as Davenport notes, the Louisiana Supreme Court in State v. Pryor, 306 So.2d 675 (La.1975), with Justice Tate thoroughly reviewing the subject, determined that fingerprint evidence standing alone is sufficient to sustain a conviction if from the circumstances of the fingerprint the finder of fact can determine that guilt is the only reasonable hypothesis.
In the instant case the evidence is that the defendant's fingerprints were found on the windows of the car in a position such that would be utilized by one forcing entry into the vehicle. They were found at or near the point of entry. The owner of the vehicle testified that the defendant was not known to him and not authorized to be in the vehicle. Thus, there is sufficient evidence for a trier of fact to have determined, considering the evidence in the light most favorable to the state, that the state has proven every element of the offense charged beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Wright, supra; State v. Smith, supra; State v. Chism, supra; State v. Nash, 446 So.2d 810 (La.App.2d Cir.1984). This assignment of error is without merit.

Assignment of Error No. 2 Excessive Sentence
The defendant maintains in Assignment of Error No. 2 that the six year sentence imposed upon the defendant was constitutionally excessive. It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
The maximum penalty to which the defendant was exposed was twelve years. In sentencing the defendant, the trial judge alluded to the defendant's extensive past criminal record including disobeying a police officer, a conviction for misdemeanor theft, simple battery and a number of charges presently pending. The Court further noted that the defendant had absconded from jurisdiction of the trial court on several occasions. The court also took into consideration that the defendant has three dependents.
In brief, defense counsel maintains that the trial judge committed error in considering pending charges against the defendant, in particular a charge of simple robbery for which the defendant was arrested but never brought to trial. However, the jurisprudence of this state holds that it is not error for a trial judge to consider prior adult arrests including pending charges against the defendant. State v. Williams, 441 So.2d 832 (La.App.3d Cir. 1983); State v. Washington, 414 So.2d 313 (La.1982). In that the defendant has a significant history of criminal activity, and in that the sentence imposed is only one-half of the statutory maximum, the defendant's second assignment of error is without merit.
The defendant's conviction and sentence are affirmed.
AFFIRMED.