STOKER, Judge.
As a part of a plea bargain, defendant Charles Nelson pleaded guilty to simple burglary of a pharmacy, a violation of LSA-R.S. 14:62.1. He was sentenced to serve nine years at hard labor with the Louisiana Department of Corrections without benefit of probation, parole or suspension of sentence. The defendant appeals this sentence as excessive.
FACTS
Nelson was arraigned on two charges on December 7, 1984, and entered pleas of not guilty. These charges were simple burglary of a pharmacy, a violation of LSA-R.S. 14:62.1, and possession of a controlled dangerous substance, specifically Phentermine and Codeine, a violation of LSA-R.S. 40:967 C(2). The cases were set for trial in March, 1985.
Nelson appeared before the court in January to answer another unrelated charge, simple burglary and theft. At that time, Nelson chose to enter into a plea bargain with the State. He decided to plead guilty to simple burglary of a pharmacy, one of the charges he would face in March, if the State would drop any and all other charges pending. This included the charge of simple burglary and theft and the other charge he would face in March, possession of a controlled substance.
After determining that the defendant was acting freely and voluntarily and that he fully understood his rights and the consequences of his action, the judge ordered a presentence investigation and report. Defendant appeared before the court again in April, 1985, and received the nine-year sentence he asserts is excessive.
Article 1, Sec. 20 of the Louisiana Constitution of 1974 prohibits excessive punish *1322 ment. In State v. Sepulvado, 367 So.2d 762 (La.1979), the Supreme Court held that a sentence may be excessive even though it falls within the statutory limits. LSA-C. Cr.P. art. 894.1 provides guidelines for deciding the appropriateness of a sentence. It lists factors which the judge should consider in imposing a sentence. The intent of the statute is to require that the judge particularize the sentence for the individual felon. As a safeguard, the article requires that the judge articulate the factors that he considered in shaping the sentence. State v. Wisdom, 463 So.2d 1000 (La.App. 3d Cir.1985). If these facts are clearly stated by the judge, this court’s review is limited to whether the trial court’s discretion has been abused. State v. Cox, 369 So.2d 118 (La.1979).
Since the trial judge so carefully considered the individual position of Charles Nelson and since the considerations are so clearly articulated, we must only decide if his discretion has been abused. We think not.
The judge ordered a presentence report in order to have all the necessary information. He properly considered past behavior as well as past convictions. The court correctly considered the fact that Nelson had plea bargained his way to a reduced charge by having all other charges dropped. State. v. Lanclos, 419 So.2d 475 (La.1982).
The defendant was not a new face to this judge as Nelson had appeared before him on numerous occasions from as early as 1977. Nelson had been convicted of three previous felonies. The judge had imposed a two and one-half-year sentence for the first conviction, but had suspended the sentence and put him on probation. Probation had to be revoked when Nelson committed his second felony. The judge stated that he had tried to be fair and on several occasions had given him the benefit of the doubt. The judge further stated that on one particular occasion he had thrown out charges that he thought were improperly brought.
The sentencing judge considered Nelson’s personal history concerning his health, educational background and marital status. Nelson was 25 years old, had never married and had no dependents. He had dropped out of school in the ninth grade. The judge observed that Nelson was in good health except for his drug problem and a narcolepsy[1] condition. He noted that he had considered the letter sent by defense counsel. The letter was written in behalf of Nelson, explaining that defense counsel felt Nelson’s offenses were due to defendant’s involvement with drugs and because of his narcolepsy. He explained that Nelson had been using and abusing the drug Retalin for a long time as well as other drugs. He felt that was the reason Nelson continued his criminal activities.
The court considered these factors but decided that society needed to be protected against Nelson’s criminal behavior. He felt that since all attempts at rehabilitation had failed, the only alternative was a severe sentence. Por a first violation, LSA-R.S. 14:62.1 provides that the violator shall be imprisoned at hard labor for not less than one nor more than nine years without benefit of parole, probation or suspension of sentence.
In light of all of the circumstances we find that Nelson’s sentence is not apparently severe or excessive. State v. Wisdom, 463 So.2d 1001 (La.App. 3d Cir.1985). Thus, we affirm. State v. Guajardo, 428 So.2d 468 (La.1983); State v. Brown, 410 So.2d 1043 (La.1982).
AFFIRMED.

. Narcolepsy is defined in Tabor’s Cyclopedic Medical Dictionary, 14th Edition, 1981 as follows:
“A chronic ailment consisting of recurrent attacks of drowsiness and sleep. The patient is unable to control these spells of sleep but he is easily awakened. About three quarters of persons with narcolepsy also experience cataplexy, q.v. Except for frequent sleep patterns, the electroencephalogram is normal."