KNOLL, Judge.
Defendant, David J. Williams, pleaded guilty to three counts of simple burglary and two counts of theft of property having a value in excess of $500, violations of LSA-R.S. 14:62 and 14:67, respectively. After conducting a presentence investigation, the defendant was sentenced to serve three consecutive six year sentences on the burglary convictions, to run consecutively with a previous six year sentence for burglary, and two five year sentences on the theft convictions, to run concurrently with the burglary sentences. Defendant appeals contending the three six year sentences for burglary are excessive. We affirm.
FACTS
Defendant pleaded guilty, admitting to burglarizing the McRae Insurance Agency, its co-tenant, Shawson Gas and Motor Co., and the Don Chico Restaurant on October 28, 1986, and burglarizing the Government Employees Insurance Company on November 3, 1986. For the burglaries of these three structures defendant received three consecutive six year sentences.
SENTENCING
Defendant contends the trial court imposed a constitutionally excessive sentence.
Article I, section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983); State v. Abercrumbia, 412 So.2d 1027 (La.1982). A sentence within the statutory limits should not he set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, supra; State v. Bonanno, supra.
C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). Even though the sentencing court does not need to articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). Failure to comply with Article 894.1 does not necessitate the invalidation of a sentence or warrant a remand for resentencing if the record clearly illuminates and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983).
The maximum sentence for simple burglary is a fine not more than $2000 and/or twelve years imprisonment with or without hard labor. Defendant’s sentence on each count falls within the statutory limit. Nonetheless, even a sentence which falls within the statutory limits may violate defendant’s right against excessive punishment. State v. Cottingin, 496 So.2d 1379 (La.App. 3rd Cir.1986). The sentencing court’s reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Ash- *1114 worth, 505 So.2d 260 (La.App. 3rd Cir.1987), writ denied, 508 So.2d 68 (La.1987).
Defendant contends that the sentencing court failed to consider: 1) his assistance to the sheriffs office in locating items taken; 2) that the burglaries of these commercial buildings occurred after business hours; and 3) that defendant is only 26 years of age.
The record reveals that the sentencing court considered defendant’s age, his service in the Air Force with an honorable discharge, and his assistance in the recovery of some of the stolen items. It also considered the fact that defendant, benefited from plea bargaining, five other felony counts were nolle prosequied, and that defendant was on probation for a prior simple burglary conviction when the offenses which constitute this prosecution were committed.
A six year sentence for each simple burglary is not excessive where defendant had a significant criminal history. See State v. Wade, 467 So.2d 1191 (La.App. 2nd Cir. 1985); State v. Wisdom, 463 So.2d 1001 (La.App. 3rd Cir.1985); and State v. Triplett, 434 So.2d 1270 (La.App. 1st Cir.1983).
Lastly, we conclude that the total 18 year sentence is not excessive. We observe that defendant pleaded guilty to charges which exposed him to a possible sentence up to 46 years, and received a sentence of less than one-half of that amount.
In view of the wide discretion granted a sentencing court in imposing its sentencing choice within statutory limits, we find the sentence particularized to defendant and not so disproportionate to the crime committed as to shock our sense of justice.
DECREE
For the foregoing reasons, defendant’s convictions and sentences are affirmed.
AFFIRMED.