960 So.2d 1205 (2007)
STATE of Louisiana, Appellee
v.
Michael Deondre WILSON, Appellant.
No. 42,097-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*1206 Peggy J. Sullivan, Louisiana Appellate Project, for Appellant.
Paul J. Carmouche, District Attorney, Dhu Thopmson, William J. Edwards, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before BROWN, PEATROSS, and LOLLEY, JJ.
BROWN, Chief Judge.
Defendant, Michael Deondre Wilson, charged in an amended bill of information with armed robbery, was convicted by a jury of the simple robbery of Adam Mingo. Thereafter, defendant was adjudicated a second felony offender and sentenced to eight years at hard labor. Defendant has appealed his conviction and sentence. Finding no error, however, we affirm.

Discussion
Sufficiency of the Evidence
According to defendant, the only physical evidence linking him to the robbery of the victim, Adam Mingo, was his (defendant's) fingerprints on the victim's car. Defendant claims that this evidence is unreliable because it is impossible to determine under what circumstances his fingerprints came to be on Mingo's vehicle. Defendant also takes issue with Mingo's identification of him as one of the men involved in the robbery inasmuch as Mingo was unable to identify the other man involved.
The standard for evaluating the sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). This standard was legislatively adopted in La. C. Cr. P. art. 821 and applies to cases involving direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.08/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
La. R.S. 14:65 defines simple robbery as the taking of anything of value belonging *1207 to another from the person of another that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.
The evidence introduced at trial established that on May 20, 2005, the victim, Adam Mingo, was lured into a house located at 1317 Andrew Street by Crystal "Rica" Owens where he was jumped by two men. "Rica" and Mingo were friends and involved in a sexual relationship. Mingo testified that one of the assailants had a slender build and the other had a stocky build. According to Mingo, the heavier man hit him once with a pipe, but discontinued at the smaller man's insistence. Thereafter, Mingo was stripped of his shorts which held his car keys, then tied up with rope and dragged into a bedroom closet by the two men. As he was being dragged, Mingo was able to get a clear look at the slender man's face, and the victim was able to positively identify this man as defendant.
After escaping through a bedroom window, Mingo observed Rica and the larger man outside of the house, both of whom ran away when they saw him. Defendant, however, was nowhere to be seen. Realizing that his car had been stolen, Mingo ran to a nearby house and called the police. Once officers arrived, Mingo provided them with an account of what had occurred and a description of his vehicle.
Officer D.R. Sawyer testified that he spotted defendant driving Mingo's vehicle and attempted to pull him over, but defendant refused to stop and a chase ensued. Officer Sawyer further testified that he observed defendant eventually bail from the car while it was moving and flee on foot. Officer Clint Cain testified that K-9 units were called in and tracked defendant to an abandoned house located at 1319 Andrew where he was subsequently found hiding in the attic. Officer Amy Muller testified that defendant's fingerprints were found on the victim's vehicle.
Mingo's testimony was corroborated by evidence found at the crime scene, including the pipe, blood droplets in different locations, yellow nylon rope, and a notebook in which was written the names of Crystal "Rica" Owens and defendant. Furthermore, defendant made an incriminating and voluntary statement after he was placed into Officer Clark's patrol car and given his Miranda warnings. Officer Clark's car was equipped with a recording device that captured defendant stating, "Why didn't they kill that [expletive]?" as Mingo came upon the scene to make an identification.
The jury heard this evidence and cross-examination of the victim and officers by defense counsel. Viewing the evidence in the light most favorable to the prosecution, it was reasonable for the jury to find that the state proved all elements of simple robbery beyond a reasonable doubt.
Excessive Sentence
Defendant's second assignment of error is that, in light of his prior criminal history (only one prior felony, aggravated flight from an officer) and the victim's testimony (that defendant was not the one who struck him with the pipe, tied him up, or forced him into the closet), and given the sentencing range of 3½ to 14 years, his 8-year hard labor sentence is excessive.
Whether a sentence is too severe is determined by looking at the circumstances of the case and the defendant's background. If it is a needless imposition of pain and suffering and is grossly disproportionate to the seriousness of the offense so as to shock one's sense of justice, the sentence is considered to be a violation of La. Const. art. I, § 20. The trial court has broad discretion to sentence within the statutory limits. Absent a showing of *1208 manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939.
In the instant case, the trial court considered defendant's prior criminal history, which included a felony conviction for aggravated flight from an officer, as well as defendant's role in the robbery in relation to the other two participants, the testimony of the victim and his mother, and a letter submitted on behalf of defendant.
We are unable to say that defendant's sentence is too severe in light of the circumstances of the case and defendant's background. Defendant's 8-year hard labor sentence is mid-range for a second felony offender, the range being 3 ½ to 14 years. Defendant's actions, participation in a vicious and unprovoked beating, leading the officers on a high speed chase, and jumping out of a moving vehicle, suggest that he poses a significant risk to society. Defendant has tried to minimize his participation by noting the victim's testimony that it was the other man who hit the victim with the pipe and that defendant urged the bigger man to stop his assault. The fact remains, however, that defendant jumped Mingo, and, at the very least, stood by as Mingo was tied with rope and dragged into the back room closet. Finally, the statement made by defendant while in Officer Clark's patrol car illustrates his lack of remorse for his actions as well as his indifference towards the victim's life.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.