515 So.2d 831 (1987)
STATE of Louisiana
v.
MEI HAN CHAN.
No. 87-KA-436.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1987.
*832 Philip E. O'Neill, O'Neill and Netterville, Gretna, for defendant-appellant.
John M. Mamoulides, Dist. Atty., William C. Credo, III, Dorothy A. Pendergast, Asst. Dist. Attys. (Louise Korns, of counsel), for plaintiff-appellee.
Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.

ON MOTION TO DISMISS.
CHEHARDY, Chief Judge.
On February 18, 1987, defendant pleaded guilty to simple burglary, LSA-R.S. 14:62, and was sentenced to imprisonment at hard labor for three years. Execution of the sentence was suspended and defendant was placed on three years' inactive probation, with the special condition that she serve one year in the Jefferson Parish Prison, with credit for time served.
On March 25, 1987, defendant filed her motion for appeal. LSA-C.Cr.P. art. 914 requires a motion for appeal to be made within five days of the judgment from which the appeal is taken. Because defendant's appeal is untimely, we ordered defendant to show cause why the appeal should not be dismissed.
In her brief in response to the show-cause order, defendant alleges that the attorney representing her at the plea and sentencing colloquy failed to mention her appellate rights to her. She states further that she was immediately incarcerated following her sentencing and was unable to seek legal advice for several days. Finally, she contends, C.Cr.P. art. 914 is unconstitutional because it allows only five days in which to take appeals of criminal cases, yet litigants in civil matters have a minimum of 30 days in which to appeal.
In State v. Counterman, 475 So.2d 336 (La.1985), the Supreme Court ruled that a defendant who fails to make a motion for appeal within the time provided in Article 914 loses the right to obtain an appeal by simply filing a motion for appeal in the trial court, because the conviction and sentence become final when the defendant fails to appeal timely. After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains reinstatement of his right to appeal in the district court in which the conviction was obtained. Id.
The appropriate procedural vehicle for a defendant to seek exercise of his right to appeal after the delay provided in Article 914 has expired is by application for post-conviction relief. State v. Counterman, supra. See also, State v. Savage, 514 So.2d 174 (La.App. 5 Cir.1987).
There is nothing in the record before us to show defendant obtained reinstatement of her right to appeal prior to filing the motion for appeal, as required by the Counterman case. We cannot evaluate the validity of her assertions regarding the reasons for her late appeal until there has been a ruling on that issue by the district court. Accordingly, the appeal is dismissed and the case is remanded to allow defendant to seek reinstatement of her right to appeal.
APPEAL DISMISSED, CASE REMANDED.