CHEHARDY, Judge.
David Holmes appeals his conviction of possession of cocaine, LSA-R.S. 40:967, and the resulting sentence of three years’ imprisonment at hard labor. In screening the record we noted that his appeal appeared to be untimely; therefore, we ordered Holmes to show cause why his appeal should not be dismissed for lack of jurisdiction. Finding defendant has failed *624 to rebut the presumption of lack of jurisdiction arising from the tardiness of his motion for appeal, we dismiss.
On July 21, 1987, David Holmes entered a plea to possession of cocaine, in the form of a nolo contendere plea, pursuant to LSA-C.Cr.P. art. 552(4) and North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). On the same day he was sentenced to three years’ imprisonment at hard labor. He filed a written motion for appeal, in proper person, on August 18, 1987.
LSA-C.Cr.P. art. 914 requires that a motion for appeal be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. A defendant who fails to make a motion for appeal within the time provided in C.Cr.P. art. 914 loses the right to obtain an appeal by simply filing a motion for appeal in the trial court, because the conviction and sentence become final when the defendant fails to appeal timely. State v. Counterman, 475 So.2d 336 (La.1985).
In his response to our order to show cause, defendant argues his appeal should be maintained because he filed the motion for appeal in proper person and should not be held to as high a standard as that required of counsel; that his brief, already filed with this court, concerns itself with errors patent only and the matter has been scheduled for argument; and that it would be in the interest of judicial economy to address the matter now rather than later by writ.
After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal in the district court in which the conviction was obtained. Counterman, supra; State v. Chan, 515 So.2d 831 (La.App. 5 Cir.1987).
The appropriate procedural vehicle for a defendant to seek exercise of his right to appeal after expiration of the delay provided in Article 914 is by application for post-conviction relief. State v. Chan, supra.
Because the motion for appeal appearing in the record was filed after the conviction and sentence became final and because the defendant did not seek reinstatement of his appellate rights, the appeal is not properly before this court.
For the foregoing reasons, the appeal is dismissed and the case is remanded to allow defendant to seek reinstatement of his right to appeal.
APPEAL DISMISSED, CASE REMANDED.