BOWES, Judge.
Defendant, Frederick Bailey, appeals his conviction and sentence of six years at hard labor for violation of LSA R.S. 14:67— Theft. In screening the record, we noted that his appeal appeared to be untimely; therefore, we ordered the defendant to show cause why his appeal should not be dismissed for lack of jurisdiction. The defendant was unable to rebut the presumption of lack of jurisdiction arising from the untimeliness of his motion for appeal. Therefore, we dismiss.
In response to our order to show cause, defense counsel concedes that the motion for appeal was not timely filed. However, she argues that defendant’s right to appeal should not be lost because of counsel’s untimely filing of the motion for appeal. She further argues that since an original brief has already been filed with this court on defendant’s behalf, judicial economy would require that this matter be addressed now instead of in the future in the form of an application for post-conviction relief.
After time limitations to appeal have expired, the conviction and sentence become final and are no longer subject to review under the ordinary appellate process, unless the defendant obtains reinstatement of his right to appeal. State v. Counterman, 475 So.2d 336 (La.1985). The appropriate procedural vehicle to seek the exercise of the right to appeal after the legal delays have expired is an application for post-conviction relief. LSA C.Cr.P. Art. 914; Id; State v. Chan, 515 So.2d 831 (La.App. 5 Cir.1987).
The motion for appeal appearing in the record was filed after the conviction and the sentence became final; because the defendant did not seek reinstatement of his appellate rights, the appeal is not properly before this court.
For the foregoing reasons, the appeal is dismissed and the case is remanded to allow defendant to seek reinstatement of his right to appeal.
APPEAL DISMISSED, CASE REMANDED.