KLIEBERT, Judge.
Kenneth Robinson was convicted of attempted simple burglary on January 13, 1987 and was sentenced on May 28, 1987. He filed a motion for appeal on or after June 5, 1987. We noted sua sponte that the appeal appeared to be untimely and ordered defendant to show cause by brief only why the appeal should not be dismissed.[1] In response defendant concedes his motion for appeal was untimely but suggests that the appeal be maintained in the interest of judicial economy as briefs have been filed and oral argument scheduled. We dismiss the appeal.
After the time for appealing has elapsed, a conviction and sentence is no longer subject to review under ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal. State v. Counterman, 475 So.2d 336 (La.1985); State v. Chan, 515 So.2d 831 (5th Cir.1987). An application for post-conviction relief in the district court in which the conviction was obtained is the proper procedural vehicle by which to seek reinstatement of the right to an appeal. Counterman, supra; Chan, supra.
The record does not reflect the defendant obtained reinstatement of his right to appeal prior to filing his motion for appeal. Accordingly, the appeal is dismissed and the case is remanded to. the district court to allow defendant, upon proper application, to seek reinstatement of his right to an appeal.
APPEAL DISMISSED; CASE REMANDED.

. LSA-C.Cr.P. Article 914 requires that a motion for appeal be made within five days of sentencing.