WICKER, Judge.
A bill of information was filed charging defendants, Sylvia M. Clofer, Reginald Francis, Melva A. Mayes, Arnold N. Wallace, Aubry N. Wallace, and Samuel B. Wallace with one count of possession of over 200 but less than 400 grams of cocaine, La.R.S. 40:967. The bill also charged defendants, Arnold N. Wallace and Aubry N. Wallace, in a second count with possession of phencyclidine, La.R.S. 40:966; however, count 2 was subsequently amended to include Sylvia Clofer, Reginald Francis and Melva Mayes as defendants. Count 1 was also amended to charge all defendants with the reduced charge of possession of less than 200 grams of cocaine. Although all of the defendants entered into plea agreements with the state, the only two involved in the instant appeal are Melva Mayes and Sylvia Clofer.
At the outset we note Clofer’s motion for appeal was not filed until August 29, 1991. She was sentenced pursuant to a plea agreement on February 26, 1991. No oral motion for appeal was made. La.C.Cr.P. art. 914 provides:
A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered into the minutes of the court.
Clofer’s appeal is untimely. La.C.Cr.P. art. 914; State v. Holmes, 522 So.2d 623 (La.App. 5th Cir.1988). We dismiss and remand Clofer’s case for reinstatement of her right to appeal.
We now turn to the appeal by Mayes. On February 26, 1991, Mayes withdrew her former plea of not guilty and, after being advised of her constitutional rights, entered pleas of guilty to one count of possession of over 28 grams of cocaine and one count of possession of PCP.
*708 She was then sentenced, pursuant to a plea agreement, to imprisonment at hard labor for five years on each count, to run concurrently, count one being without benefit of parole, probation, or suspension of sentence. She was given credit for time served.
Mayes filed a Motion to Withdraw Plea of Guilty and a Motion for Appeal on February 28, 1991. On March 27, 1991, the trial judge denied the motion to withdraw the guilty pleas on the basis he lost jurisdiction when he signed her motion for appeal. We vacate Mayes’ pleas and remand.
On appeal Mayes has assigned the following errors:
The pleas of guilty entered into by appellant are defective: trial court erred in not allowing them to be withdrawn.
A. Nowhere of record was it demonstrated that appellant exercised dominion or control over the illegal substances.
B. Mayes did not enter a voluntary plea of guilty.
Since we find merit for the reasons stated below to defendant’s assignment of error her plea was not voluntary, we preter-mit a discussion of the remaining assignment and arguments.
Mayes told the judge she did not know the drugs were in the house, but was pleading because she did not want to get 10 years. Despite this claim of innocence, the trial judge refused to accept an Alford plea.[1] After an off-the-record discussion was held between defendant and her attorney, she told the judge she knew the drugs were there. Additionally, her attorney represented all of the other defendants and her plea bargain was part of an overall agreement with the other defendants. The state agreed to the pleas only if the court accepted all five pleas. If any one of the pleas broke down, then the deal would be off as to all five defendants. Considering these circumstances, especially her initial statement she had no knowledge of the drugs and did not want to get a 10 year sentence, her plea was not voluntarily entered.
We vacate Melva A. Mayes’ pleas of guilty to one count of possession of over 28 grams of cocaine (La.R.S. 40:967) and one count of possession of PCP (La.R.S. 40:966) and remand for further proceedings consistent with this opinion.
Furthermore, for the reasons stated, Clofer’s appeal is dismissed as untimely and her case is remanded to allow her to seek reinstatement of her right to appeal.
MAYES’ PLEAS OF GUILTY VACATED AND MAYES’ CASE REMANDED; APPEAL OF SYLVIA M. CLOFER DISMISSED; CLOFER CASE REMANDED.

. In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the Supreme Court acknowledged that an individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.