hPER CURIAM.
The defendant, Kenneth Edward Skaggs, appeals as excessive his sentence to four years at hard labor following his plea of guilty to one count of simple burglary. We affirm the defendant’s conviction and sentence.
FACTS
In October 1997, the defendant and three companions burglarized several vehicles and a motor home belonging to separate victims in Bossier Parish. The men stole tools, radios, a television set, stereo equipment, a microwave, a compact disc player and compact discs valued at several hundred dollars. In each incident, the defendant acted as the driver of the getaway car.
The defendant was originally charged with three counts of simple burglary. The defendant was allowed to plead guilty to one count of simple burglary in exchange for the state’s agreement not to proceed with the prosecution of the other two counts of that offense. The district court sentenced defendant to serve four years at hard labor, with credit for time served. The court also recommended that the defendant be allowed to participate in the *27 Impact Program.[1] The court denied the defendant’s timely motion for reconsideration of the sentence. The defendant appealed his sentence as excessive.
DISCUSSION
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Landos, 419 So.2d 475 (La.1982). The defendant does not claim that the trial li>court failed to adequately consider and articulate the necessary criteria in imposing sentence.
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
 A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interests of the public and the defendant. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
Ameliatory factors, such as eligibility for early release alternatives, including parole, the intensive incarceration program and diminution of sentence for good behavior, may be considered in gauging excessiveness of a sentence. See 3State v. Green, 418 So.2d 609 (La.1982); State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
Prior to imposing sentence, the district judge reviewed a presentence investigation (PSI) report. The 22-year-old defendant’s plea bargain secured the dismissal of two related charges, although he still had pending one charge of burglary. He had prior convictions for contributing to the delinquency of a minor and issuing worthless checks; he also entered a plea of guilty to simple battery in an unrelated ease on the day of sentencing. The court considered the facts of this case and noted that not all of the stolen property had been recovered. In the court’s opinion, there was a likelihood of continued criminal conduct if probation was granted. The court concluded that a lesser sentence would deprecate the seriousness of the offense. Finally, the court recommended defendant for participation in the Impact Program, due to his age.
The defendant argues that the trial court placed “great emphasis” upon his criminal record in imposing sentence and failed to consider that all of the defendant’s prior convictions were for nonviolent offenses. However, there is no re *28 quirement that specific matters be given any particular weight. State v. Berry, 29, 945 (La.App.2d Cir.10/29/97), 702 So.2d 33; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864.
On this record, we do not find constitutional error. The defendant is a high school-educated offender who obtained a substantial benefit from his plea bargain. He could have faced up to 36 years in prison on the charges originally filed against him. His sentence is only one third of that which can be imposed for the offense of conviction. Under the circumstances of this case, including that defendant actually participated in at least three vehicular burglaries, and giving due | ¿consideration to his background, the period of imprisonment adjudged does not shock our sense of justice and is not a needless or purposeless infliction of pain and suffering. Therefore, it is not constitutionally excessive. The assigned error lacks merit.[2]
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Kenneth Edward Skaggs.
AFFIRMED.

. See La. R.S. 15:574.4.

. We have reviewed the record for error pal-ent and have found none.