940 So.2d 702 (2006)
STATE of Louisiana, Appellee
v.
Rick Lynn LOFTON, Appellant.
No. 41,423-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 2006.
Louisiana Appellate Project, by Sherry Watters, New Orleans, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Charles A. Smith, Assistant District Attorneys, for Appellee.
Before STEWART, CARAWAY and LOLLEY, JJ.
STEWART, J.
The defendant, Rick Lynn Lofton, pled guilty to simple burglary, a violation of La. R.S. 14:62, and was sentenced to five years at hard labor. By this appeal, he seeks review of his sentence. Finding no merit to his assignments of error, we affirm.

*703 FACTS
According to the guilty plea transcript, the defendant broke into a vehicle belonging to Michael Hodge and committed a theft therein. The sentencing transcript indicates that the defendant actually entered the victim's auto shop and stole a battery charger. The defendant entered a plea of guilty to the crime of simple burglary. As a result of the plea, another unspecified charge identified only as District Court Case No. 72,446 was dismissed.
After reviewing a pre-sentence investigation ("PSI") report, the trial court imposed a sentence of five years at hard labor. The trial court considered the defendant's criminal history as a major factor in determining an appropriate sentence. A motion for reconsideration alleging the excessiveness of the sentence was denied. This appeal followed.

DISCUSSION
The defendant argues that the trial court failed to make a detailed consideration of the factors of La. C. Cr. P. art. 894.1 in imposing the five-year sentence. He asserts that his personal and family background were not considered. He urges this court to find the sentence excessive for the crime committed.
Where, as here, a defendant's motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App. 2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App. 2d Cir.12/17/03), 862 So.2d 1123.
Here, the trial court reviewed the PSI report and considered the non-violent nature of the offense. The trial court also considered the defendant's extensive criminal history. Prior felony convictions noted by the trial court included three convictions from the state of California for two separate burglary charges and evading an officer, as well as a 2004 conviction for either theft or principal to simple burglary in Arcadia. The trial court also noted that the defendant had over thirty arrests in his lifetime. Due to the defendant's criminal history, the trial court did not find him to be a good candidate for probation or a suspended sentence. In fact, the defendant had been on probation for the last listed conviction at the time he committed the current offense. For these reasons, the court imposed the five year sentence.
On this record, we do not find constitutional error. La. R.S. 14:62 provides that one guilty of simple burglary may be imprisoned with or without hard labor for not more than twelve years. The five year hard labor sentence is a lower mid-range sentence and is not disproportionate to the defendant's crime. The defendant benefited from the dismissal of another charge as a result of his plea, and he was given the benefit of having this sentence run concurrent to any sentence he might have for a probation violation. The court considered the non-violent nature of a the crime as a mitigating factor. However, the court emphasized the defendant's criminal history in determining the sentence. We find no error in this sentencing. The defendant, age fifty at the time of the guilty plea, had a lifetime history of criminal behavior with a number of felony convictions. The five year sentence imposed for this crime is not unlawful, is not grossly disproportionate to the severity of the offense, and does not shock our sense of justice.

*704 CONCLUSION
The defendant has failed to show an abuse of the trial court's discretion in imposing the sentence of five years at hard labor with credit for time served. Thus, we affirm the defendant's sentence.
AFFIRMED.