LOLLEY, J.
 

 | defendant, Sharon Lewis, seeks review of the sentence imposed for her conviction on one count of distribution of cocaine, a schedule II controlled dangerous substance, a violation of La. R.S. 40:967(A). The trial court imposed a sentence of 14 years at hard labor, the first 2 years to be served without the benefit of probation, parole or suspension of sentence. For the following reasons, we affirm the trial court’s conviction and sentence.
 

 Facts
 

 On three separate occasions in early April 2008, Lewis was caught on audio and video surveillance selling $40.00 worth of crack cocaine to a confidential informant who was assisting the Minden Police Department in an undercover drug surveillance operation. By bill of information filed on August 8, 2008, Lewis was charged with three counts of distribution of cocaine, a Schedule II controlled dangerous substance in violation of La. R.S. 40:967(A). On August 11, 2008, the state reached a plea agreement with Lewis under which she would plead guilty to one count of distribution of cocaine in violation of La. R.S. 40:967(A) with the benefit of a presen-tence investigation in exchange for the state’s agreement to dismiss the additional two counts.
 

 After the trial court informed Lewis of all of her applicable constitutional rights and ensured that she knowingly and intelligently waived those rights, it asked the state to supply a factual basis for the plea. The prosecutor informed the trial court that on April 3, 2008, the Minden Police Department conducted an undercover drug surveillance operation in 12Webster Parish during which a confidential informant, equipped with audio and video surveillance equipment, approached Lewis and purchased $40.00 worth of crack cocaine from her. Lewis admitted to the described conduct and responded “guilty” when asked by the trial court how she wished to plead. The court then ordered the preparation of a presentence investigation (“PSI”) and set the defendant’s PSI bond at $2,000.00.
 

 On July 20, 2009, the trial court sentenced Lewis to 14 years’ imprisonment at hard labor, the first 2 years of which were to be served without the benefit of parole, probation or suspension of sentence. On July 28, 2009, Lewis filed a motion to reconsider her sentence raising only a bare excessiveness claim. Although the order attached to the motion to reconsider indicates it was set for hearing on August 24, 2009, the record does not indicate that the court has ruled on the motion. Lewis now appeals, assigning error only as to the sentence imposed being constitutionally excessive.
 

 Discussion
 

 This court may review the defendant’s sentence for constitutional exces-siveness in spite of the pending motion to reconsider sentence. Should the trial court later rule upon defendant’s motion to reconsider sentence, the defendant may seek appellate review of that decision pursuant to La. C. Cr. P. art. 914(B)(2).
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.02/28/07),
 
 *1192
 
 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.03/28/08), 978 So.2d 297.
 

 Here, since Lewis’ motion for reconsideration merely alleged that the sentence is excessive, she is “simply relegated to having the appellate court | ..¡consider the bare claim of excessiveness.”
 
 State v. Mims,
 
 619 So.2d 1059, 1060 (La.1993). This bare claim preserves only a claim of constitutional excessiveness.
 
 Id.; State v. Lofton,
 
 41,423 (La.App.2d Cir.09/27/06), 940 So.2d 702,
 
 writ denied,
 
 2006-2952 (La.09/28/07), 964 So.2d 359. Constitutional review turns upon whether the sentence is illegal, grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.01/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.01/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
 

 Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,239 (La.App.2d Cir.04/30/08), 981 So.2d 792;
 
 State v. Black,
 
 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667,
 
 writ denied,
 
 1996-0836 (La.09/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 1999-1528, 1999-1753 (La.05/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939.
 

 LAt Lewis’ sentencing, the trial court began by noting that Lewis pled guilty to only one of three counts of distribution of crack cocaine, although she had been videotaped engaging in the same conduct on three separate occasions. The trial court then reviewed her PSI and set forth the information contained therein for the record. The trial court considered the fact that although the defendant pled guilty to only one count of distribution of crack cocaine committed on April 3, 2008, she had been videotaped engaging in the same conduct on two other occasions. The trial court noted that Lewis was classified as a fourth felony offender having been convicted of three separate felonies in the State of Texas, including a felony drug charge in 1997, an aggravated robbery, first degree in 1998, and theft of property in 1999. In all three instances she received hard labor sentences. Additionally, the trial court noted Lewis’ extensive misdemeanor criminal history which included convictions for prostitution, DWI first and DWI second. Her record also included arrests for drug possession, DWI, driving under suspension, careless operation and issuing worthless checks, although no disposition of these charges was found. On two separate occasions Lewis had been placed on probation and had her probation revoked for arrests and convictions on criminal behavior committed while on probation.
 

 The trial court reviewed Lewis’ social history and considered as mitigating factors the fact that she was taking care of a sick father (presumably her stepfather, since the PSI reflects her biological father died | sin 1983) and was raising a grandchild. The court also considered as a mitigating circumstance Lewis’ completion of a
 
 *1193
 
 drug rehabilitation program while out on bond awaiting sentencing.
 

 Lewis argues essentially that the sentence is excessive because the trial court failed to give sufficient weight to the needs of her family and her completion of a substance abuse program while she was out on bond awaiting sentencing. There is no requirement, however, that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.09/28/07), 964 So.2d 351. Given the defendant’s extensive criminal history, significant reduction in potential exposure to confinement resulting from her plea bargain, and her prior probation violations, the trial court did not err in concluding that she is in need of correctional treatment in a custodial environment and that she presents an undue risk of re-offending during a probated or suspended sentence.
 

 The sentence imposed is neither illegal, grossly disproportionate to the seriousness of the offense, shocking to the sense justice, or merely a purposeless and needless infliction of pain and suffering. Accordingly, the sentence is not unconstitutionally excessive. This assignment is therefore without merit.
 

 Conclusion
 

 For the foregoing reasons, Sharon Lewis’ conviction and sentence are affirmed.
 

 AFFIRMED.