DREW, J.
11 Robert Johnson was convicted of the crime of armed robbery by a unanimous jury. The trial court sentenced Johnson to 60 years at hard labor without benefits. The defendant now appeals. We affirm in all respects.
FACTS
This offense occurred at the County Market grocery store on Louisville Avenue in Monroe. On September 11, 2011, the defendant entered the store through the front doors and walked through the checkout lines into the merchandise area. Kenneth Gordon, the assistant manager, was monitoring the in-store video surveillance system. He saw the defendant conceal several containers of deodorant[1] and walk past the cash registers.
Gordon confronted the defendant near the front door, suggesting that he return the stolen items and just leave the store. The defendant refused, pulling out a box cutter seen by Gordon and a cashier, Ms. Sherata Carter. Gordon said that the box cutter was the “exact same model that I use every day at work.”
When Gordon saw the box cutter, he jumped back and told the other employees not to try and detain the defendant. Gordon said to call the police and tell them that the defendant was armed.
The video is of low quality, but basically confirms the incident, though the weapon is not visible.
Monroe Police Officer Michael Freeman stopped the defendant after a short foot chase. The officer found numerous cans and sticks of deodorant 12on the defendant, as well as a loose box cutter blade. No box cutter was ever recovered.
The defendant admitted to the officer that he stole the deodorant, but denied that he had a box cutter. Officer Freeman took the defendant back to the grocery store, where Gordon identified the defendant as the perpetrator.
At sentencing, the trial court noted that the defendant:
• had three convictions for possession of cocaine (1995, 2008, and 2010);
• had a long history of misdemeanor offenses and arrests;[2]
• had been arrested, but not convicted, for aggravated arson and forcible rape;
• was not prosecuted in the rape case because the victim could not be located;
*1254 • attended school through the eighth grade before being expelled;
• never got his GED;
• had only four jobs in his life, none of which lasted more than six months;
• has a poor history with supervised release; [3]
• was a fourth-felony offender; and
• was fortunate not to be adjudicated as a habitual offender.
Johnson filed a motion for post-verdict judgment of acquittal and a motion to reconsider his sentence, with each motion being denied.
He appeals the sufficiency of the evidence against him. He also appeals the 60-year hard labor sentence, without parole.
I,.¿DISCUSSION

Sufficiency

Johnson argues that the evidence is insufficient to prove beyond a reasonable doubt all of the elements of the offense of armed robbery. Specifically, he challenges the state’s proof that he took the deodorant from the possession or immediate control of another, that he used force or intimidation to accomplish the taking, or that he was armed with a dangerous weapon. Johnson points out that no weapon is visible in the video from the store and that no box cutter was recovered from his person when he was arrested. Further, he argues that the reactions of others on the video, particularly Gordon, are not consistent with the testimony that the defendant was armed with a dangerous weapon. He urges that the video does not show Gordon “jump back” as he testified, nor does it show Gordon yelling to the employees.
The legal analysis for an armed robbery conviction is well settled.[4]
Our law on general sufficiency evaluations is also well settled.[5]
*1255 | ¿Both Gordon and a cashier saw the box cutter and heard the defendant say: “I’ll cut you” or “I’ll gut you:
As for the reactions of the victim and the other persons as shown on the video recording, the recording shows that Gordon attempted to maintain some distance between himself and the defendant, although at one point, the defendant strode toward Gordon, coming within arms’ reach before Gordon backed away. The video does not clearly show that Gordon “jumped back” from the defendant but it does show that he moved away from the defendant as the defendant moved toward the door. Any inconsistencies between the video and Gordon’s testimony are quite minor. The jury’s verdict is consistent with the video.
The evidence was sufficient to prove beyond a reasonable doubt that the defendant committed armed robbery of Gordon.

Excessiveness

In this assignment, the defendant argues that his 60-year hard labor sentence, without parole, is excessive. He argues that:
• the items he stole had a low value;
• the state’s proof of his being armed was
weak;
|s* his sentence is disproportionate to other cases;[6] and
• no one was hurt during this crime.
Our sentencing review is somewhat limited.[7]
The defendant is entitled only to a review of his sentence for bare excessiveness. He is not entitled to a review for compliance with La. C. Cr. P. art. 894.1. We note, however, that the trial court fully complied with that article and properly considered all factors relevant to the sentence. The 12-page sentencing document prepared by the trial court is a model of thoroughness and clarity.
The defendant used a box cutter and threatened to “cut” or “gut” a store manager who had just offered to let the defendant leave the store without consequences if he would simply drop the items he was trying to steal. The defendant’s social and work history were unimpressive. He was seldom employed and never for any extended periods. He had no family who depended upon him for support. His criminal history is horrific. He demonstrates few periods of lawful conduct from 1995 to 2010, and he had three prior felony drug convictions that could have been used as predicates for a habitual offender adjudication.
*1256 jfiWe concede that the defendant’s prior felony convictions were for nonviolent acts, and that many of his other arrests ended with no convictions. We further acknowledge that no one was physically injured in this event.
This 60-year hard labor sentence, without eligibility for suspension of sentence, probation, or parole, is harsh. However, under these facts and considering the life of crime perpetrated by this defendant, the sentence does not shock the conscience. There is no legal error here.
DECREE
The defendant’s conviction and sentence are AFFIRMED.

. Eleven containers of deodorant were taken from the defendant at arrest.

. Examples of Johnson's criminal history include theft, trespass, flight from an officer, and battery.

. The trial court noted at sentencing: "Every time he’s been released from prison, he has reoffended within a matter of days or months.”

. La. R.S. 14:64 provides, in part:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
To convict a defendant of armed robbery, the state is required to prove: (1) a taking (2) of anything of value (3) from a person or in the immediate control of another (4) by the use of force or intimidation (5) while armed with a dangerous weapon. State v. Jeselink, 35,189 (La.App.2d Cir.10/31/01), 799 So.2d 684.

. The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Carter, 42,894 (La.App.2d Cir. 1/9/08), 974 So.2d 181, writ denied, 2008-0499 (La.11/14/08), 996 So.2d 1086. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La.App.2d Cir. 1/14/09), 1 So.3d 833, writ denied, 2009-0310 (La.11/6/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913; State v. Hill, 42,025 (La.App.2d Cir.5/9/07), 956 So.2d 758, writ denied, 2007-1209 (La.12/14/07), 970 So.2d 529. In the absence of internal contra *1255 diction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Gullette, 43,032 (La.App.2d Cir.2/13/08), 975 So.2d 753; State v. Burd, 40,480 (La.App.2d Cir. 1/27/06), 921 So.2d 219, writ denied, 2006-1083 (La.11/9/06), 941 So.2d 35.

. He points out similar sentences being reserved for cases involving large sums of money, where victims were killed or caused great bodily harm, or where firearms were discharged.

. If a defendant’s motion for reconsideration of sentence under La. C. Cr. P. art. 881.1 merely alleges that his sentence is excessive, under State v. Mims, 619 So.2d 1059 (La.1993), he is “simply relegated to having the appellate court consider the bare claim of excessiveness.” This bare claim preserves only a claim of constitutional excessiveness. Mims, supra; State v. Lofton, 41,423 (La.App.2d Cir.9/27/06), 940 So.2d 702, writ denied, 2006-2952 (La.9/28/07), 964 So.2d 359. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733; State v. White, 37,815 (La.App.2d Cir. 12/17/03), 862 So.2d 1123.