Judgment rendered January 11, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,837-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

KENDARRIOUS J. GANT                         Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 21-CR-31759

Honorable Nicholas E. Gasper, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Sherry Watters

CHARLES B. ADAMS                     Counsel for Appellee
District Attorney

LEA R. HALL, JR.
RHYS E. BURGESS
ETHAN P. ARBUCKLE
Assistant District Attorneys

* * * * *

Before STONE, STEPHENS, and HUNTER, JJ.

**STEPHENS, J.**

This criminal appeal arises out of the 42nd Judicial District Court, Parish of DeSoto, State of Louisiana, the Honorable Nicholas E. Gaspar, Judge, presiding. Defendant Kendarrious J. Gant pled guilty to two counts of auto burglary and was sentenced by the trial court to consecutive sentences of 11 years at hard labor on count one and nine years at hard labor on count two, with five of the nine years' imprisonment suspended, and with three years of supervised probation. Gant's motion to reconsider sentence was denied. This appeal ensued. For the reasons set forth below, Gant's convictions are affirmed, but his sentences are vacated, and the matter is remanded for resentencing.

## FACTS/PROCEDURAL BACKGROUND

The 19-year-old defendant, Kendarrious Gant, and some underaged friends (who were charged separately as juveniles) went into two unlocked, parked vehicles in a neighborhood in Stonewall, Louisiana. They took three guns from the vehicles—two were recovered, but an heirloom pistol was not. Gant was arrested at one of the juveniles' homes on June 21, 2021.

Gant was initially charged by two bills of information, later combined and amended in one bill, with two counts of auto burglary, violations of La. R.S. 14:62, and one count of identity theft, a violation of La. R.S. 14:67.16(C)(1)(a). On October 25, 2021, the date set for trial, Gant withdrew his not guilty pleas and pled guilty to the two auto burglary charges. The count of identity theft and a misdemeanor count of contributing to the delinquency of a minor, filed under a separate bill, were dismissed. A sentence of ten years was "suggested" by the state, but there was no agreement as to sentence. A presentence investigation was ordered.

On December 2, 2021, Gant was sentenced on count one to 11 years at hard labor and count two to nine years at hard labor. As to count two, five years were suspended, with three years of supervised probation. The court ordered that Gant pay $65 per month as a supervision fee for the three years, a $150 fee for the PSI, and restitution "if due." Gant objected to the sentence. On December 9, 2021, Gant filed a motion to reconsider sentence, which was denied without a hearing on January 19, 2022. Gant has appealed.

**DISCUSSION**

Defendant's assignment of error is that the trial court erred in sentencing him to a total of at least 15 years' imprisonment, with an additional three years of supervision, given that he is a youthful, first felony offender. According to Gant, the consecutive sentences are excessive and constitute cruel and unusual punishment under the circumstances of this case and for these offenses. Furthermore, the trial court:

- incorrectly found there were no mitigating circumstances;
- impermissibly used the sentences to 'send a message' about crime in the parish; and
- did not provide adequate reasons for imposing consecutive sentences.

According to the state, at the sentencing hearing, the trial court considered that Gant "had been very busy refusing to obey the law," and had problems with "the theme here with all of these thefts from Mr. Gant." The trial court was also concerned that "at some point while he was out on bond awaiting sentence on these charges, out on probation, he picked up new criminal charges." The state notes that the trial court factored in the fact that "in a span of seven months [Gant] has been charged with and resolved two different felony charges and two different misdemeanor charges. And at the

2

same time, he's incurred two more felony charges that are soon to be pending." The court considered Gant to be a "continued threat" and a "risk to commit crimes."

Gant made no showing that his claim of excessiveness merits consideration by the Court, urges the state. It is the state's position that Gant's arguments are without any basis and do not address the actual issues before this reviewing court, which is whether the trial court abused its discretion in sentencing the defendant.

### *Applicable Legal Principles*

In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of a factual basis for a sentence is the goal of article 894.1, not rigid or mechanical compliance with its provisions. *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307; *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20), 296 So. 3d 1071.

The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of La. C.C. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Bell*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), *prior* criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Bell*, *supra*; *State v. Thompson*, 50,392 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1139, *writ denied*, 16-0535 (La. 3/31/17), 217 So. 3d 358. There

is no requirement that specific matters be given any particular weight at sentencing. *State v. Bell*, *supra*; *State v. Brown*, 51,352 (La. App. 2 Cir. 5/2/17), 223 So. 3d 88, *writ denied*, 17-1154 (La. 5/11/18), 241 So. 3d 1013; *State v. Lathan*, 41,855 (La. App. 2 Cir. 2/28/07), 953 So. 2d 890, *writ denied*, 07-0805 (La. 3/28/08), 978 So. 2d 297.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bell*, *supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Bell*, *supra*. As noted recently by the supreme court in *State v. Allen*, 22-00508, p. 2 (11/1/22), 348 So. 3d 1274, 1276, a sentence may be excessive under La. Const. art. I, § 20 even if it falls within the statutory range established by the Legislature. *State v. Johnson*, 97-1906, p. 6 (La. 3/4/98), 709 So. 2d 672, 676; *State v. Sepulvado*, 367 So. 2d 762, 767 (La. 1979).

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Bell*, *supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Bell*, *supra*; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d

4

1289. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Bell*, *supra*; *State v. Kelly*, *supra*.

In cases involving multiple offenses and sentences, the trial court has limited discretion to order that the multiple sentences are to be served concurrently or consecutively. *State v. Dale*, 53,736 (La. App. 2 Cir. 1/31/21), 309 So. 3d 1031; *State v. Sandifer*, 53,276 (La. App. 2 Cir. 1/15/20), 289 So. 3d 212; *State v. Nixon*, 51,319 (La. App. 2 Cir. 5/19/17), 222 So. 3d 123, *writ denied*, 17-0966 (La. 4/27/18), 239 So. 3d 836. When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. *State v. Dale*, *supra*; *State v. Hebert*, 50,163 (La. App. 2 Cir. 11/18/15), 181 So. 3d 795. It is within the court's discretion to make sentences consecutive rather than concurrent. *State v. Dale*, *supra*; *State v. Robinson*, 49,677 (La. App. 2 Cir. 4/15/15), 163 So. 3d 829, *writ denied*, 15-0924 (La. 4/15/16), 191 So. 3d 1034.

When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for defendant's rehabilitation, and whether the

defendant has received a benefit from a plea bargain. *State v. Dale*, *supra*; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711. A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence of record. *State v. Dale*, *supra*; *State v. Mitchell*, 37,916 (La. App. 2 Cir. 3/3/04), 869 So. 2d 276, *writ denied*, 04-0797 (La. 9/24/04), 882 So. 2d 1168; *State v. Strother*, 606 So. 2d 891 (La. App. 2 Cir. 1992), *writ denied*, 612 So. 2d 55 (La. 1993).

As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Sims*, 53,791 (La. App. 2 Cir. 6/30/21), 322 So. 3d 902; *State v. Hogan*, 47,993 (La. App. 2 Cir. 4/10/13), 113 So. 3d 1195, *writ denied*, 13-0977 (La. 11/18/13), 125 So. 3d 445.

*Analysis*

The following is excerpted from the trial court's sentencing colloquy:

Basic facts of the case are that on or about June 9, 2021, Mr. Gant and three juveniles drove through Kathy Acres Subdivision in Stonewall and while there, they stole two guns from one vehicle and then stole another gun from another vehicle located at a different house. Two of the three guns that were stolen were recovered[.] Mr. Gant was born October 6, 2001[.] He was raised in foster care until the age of three. At that time he started living with his grandmother[.] He was raised in south Mansfield. He stated that he now has a relationship with his mother and father. He reports having two brothers and a sister. And reports having a good relationship with all of them. Mr. Gant graduated from Mansfield High. He reports that he takes medication for bipolar and AHD, both of which were diagnosed at the age of nine. He also admits to using marijuana. And reports that he is currently expecting a child with his girlfriend. Mr. Gant has a minor juvenile record. However, I note his adult record is not too long but Mr. Gant's only twenty years old. And I also note that since April this year, Mr. Gant has been very busy refusing to obey the law. In April he was arrested for misdemeanor theft, which you'll start to see a theme here with all of these thefts from Mr. Gant. But

on misdemeanor theft he was placed on six months' probation. He didn't do anything required of his probation. But it's been kind of hard for him to do that since he can't stay out of jail. His probation's been revoked. We did that not too long ago here in this courtroom. He was arrested again on June 18th and 21st related to this crime, committed in this matter. And I will take note at some point recently—well earlier this week but at some point while he was out on bond awaiting sentence on these charges, out on probation, he picked up new criminal charges. So he's recently charged with simple criminal damage to property and aggravated burglary. So in a span of seven months Mr. Gant has been charged and resolved two different felony charges and two different misdemeanor charges. And at that the same time, he's incurred two more felony charges that are soon to be pending[.]

The law in this matter provides that a person who commits the offense of simple burglary shall be fined up to two thousand dollars, imprisoned at hard labor for up to twelve years or both. So in making my decision I considered all of these factors. ***But here's the biggest factor I considered, Mr. Gant, and I want you to hear this and go tell your friends too. You're stealing guns. I said it this morning on somebody else and I'm gonna say it again. We're not gonna play with gun crimes in DeSoto Parish. If you want to steal a gun, don't do it here because we're not playing. I consider that to be a huge problem. And so in looking at the sentencing guidelines provided in Article 894, that's one of the factors.*** Jail is appropriate if anything less than jail time would depreciate [sic] the seriousness of the crime. This is serious. And while this is serious, the upcoming charges or the coming up charges I think are a whole lot more serious. You've demonstrated that you pose a risk to continue to commit crimes. April to today, that's seven months, four crimes, four arrests. So there's a continued threat. So considering all of this, it's gonna be the sentence of this Court on count one of simple burglary, you be confined at hard labor for eleven years. On count two, confined at hard labor for a period of nine years. Again, I consider them pretty serious crimes so I'm gonna run these consecutive. A grand total of twenty years. However, I'm gonna suspend five years of that sentence. After you're released, you're gonna be placed on three years of active probation, during that probation period, if there's restitution due, that needs to be paid. There's also gonna be a hundred and fifty dollars to offset the cost of the PSI. And during probation there will be a monthly supervision fee of sixty-five dollars a month[.]

The record in this case does not show that the trial court adequately

considered the guidelines of La. C. Cr. P. art. 894.1 ***in particularizing the***

*sentence to Gant*.  While the trial court did mention Gant's personal history and the details of the instant offenses, in the court's own words, the biggest factor it based defendant's sentence on was that of sending a message to him "and your friends too" that "[w]e're not gonna play with gun crimes in DeSoto Parish."  Apparently fed up with a spate of auto burglaries in the northern part of the parish, without any evidence that defendant and his unidentified "friends" were the perpetrators of these other crimes, the trial court sentenced the defendant, a first adult felony offender, to 20 years at hard labor for two auto burglaries.  This sentence, which consists of an 11-year sentence for one count and a 9-year sentence on the other count, with probation, fees, and restitution "if due," ordered to run consecutively, is patently excessive, under the facts and circumstances of this case.  By focusing on the forest, the court lost sight of the tree.

Gant is clearly not the worst offender, and auto burglary is not the worst offense.  There was no evidence of any damage to either automobile, and two of the three guns were recovered.  Gant is a youthful, first offender who finished high school and was in his first year of college.  He has a good relationship with his parents and siblings and has a family to support.  He also had a good work history.  There was no recommendation for extended incarceration in the PSI.  While the trial court did emphasize criminal activity on the part of Gant that occurred after the instant offenses, this Court feels that punishing Gant for subsequent criminal behavior is more properly addressed in subsequent proceedings related to *those offenses*.  Eleven and nine-year sentences in this case are not supportable.  The trial court erred in sentencing Gant to set an example and act as a deterrent to others.

8

A comparison of the punishment imposed with the sentences imposed for similar crimes is useful in determining whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime. *State v. Fruge*, 14-1172 (La. 10/14/15), 179 So. 3d 579; *State v. Dungan*, 54,031 (La. App. 2 Cir. 9/22/21), 327 So. 3d 634, *writ denied*, 21-01679 (La. 1/26/22), 332 So. 3d 82; *State v. Little*, 52,131 (La. App. 2 Cir. 8/15/18), 252 So. 3d 1038, *writ denied*, 18-1582 (La. 3/25/19), 267 So. 3d 594. Nonetheless, sentences must be individualized to the particular offender and to the particular offense committed. *Id.* Historically, sentences of one to five years have been imposed on similarly situated offenders for vehicle burglary by courts across the state. *See*, *e.g.*, *State v. Phillips*, 347 So. 2d 206 (La. 1977); *State v. Lofton*, 41,423 (La. App. 2 Cir. 9/27/06), 940 So. 2d 702, *writ denied*, 06-2952 (La. 9/28/07), 964 So. 2d 359; *State v. Skaggs*, 31,829 (La. App. 2 Cir. 2/24/99), 734 So. 2d 25; *State v. Lowe*, 485 So. 2d 99 (La. App. 2 Cir. 1986), *writ denied*, 488 So. 2d 199 (La. 1986); *State v. Wade*, 467 So. 2d 1191 (La. App. 2 Cir. 1985); *State v. Willis*, 591 So. 2d 365 (La. App. 1 Cir. 1991), *writ denied*, 594 So. 2d 1316 (La. 1992); *State v. Mei Han Chan*, 515 So. 2d 831 (La. App. 5 Cir. 1987); *State v. Torres*, 470 So. 2d 319 (La. App. 5 Cir. 1985); and *State v. Lane*, 438 So. 2d 1265 (La. App. 3 Cir. 1983), *writ denied*, 443 So. 2d 1117 (La. 1984).

Furthermore, there was no basis for the imposition of consecutive sentences in this case. For an offender without prior felony record, ordinarily concurrent rather than consecutive sentences should be imposed, especially where the convictions arise out of the same course of conduct within a relatively short period. *State v. Watson*, 372 So.2d 1205 (La.1979).

In addition to the above factors, we note that the two burglaries happened the same night in one course of events.

Finally, the trial court erred in ordering restitution and imposing fines in this case. First, La. R.S. 14:62 does not authorize a trial court to impose restitution as part of an executory sentence of imprisonment. *State v. Prince*, 97-0727 (La. 9/26/97), 701 So. 2d 965; *State v. Lee*, 94-0814 (La. 6/17/94), 641 So. 2d 206; *State v. Patterson*, 442 So. 2d 442 (La. 1983). Second, before imposing fines on an indigent defendant such as Gant, the trial court must hold the hearing required by La. C. Cr. P. art. 875.1.

We thus vacate Gant's sentences and remand the matter to the trial court for resentencing in accordance with this opinion.

## CONCLUSION

For the reasons set forth above, defendant Kendarrious J. Gant's convictions are affirmed. Defendant's sentences are vacated and the matter is remanded to the trial court for resentencing.

**CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED.**

10